POMERANTZ LLP
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: (310) 405-7190
jpafiti@pomlaw.com

*Counsel for Movant Wai Lim Ng and*
*Proposed Lead Counsel for the Class*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK ROTH BETEILIGUNGS GmbH, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GTT COMMUNICATIONS, INC., RICHARD D. CALDER, JR., ERNIE ORTEGA, MICHAEL T. SICOLI, DANIEL M. FRASER, and STEVEN BERNS,<br><br>Defendants. | Case No. 2:21-cv-00270-DOC-AS<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF WAI LIM NG FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF COUNSEL<br><br>DATE:  April 12, 2021<br>TIME:  8:30 a.m.<br>JUDGE:  David O. Carter<br>CTRM:  9 D |

MEMORANDUM OF POINTS AND AUTHORITIES - 2:21-cv-00270-DOC-AS; 2:21-cv-00839-DOC-AS

SORIN GRIGORE, Individually and on behalf of all others similarly situated,

          Plaintiff,

    vs.

GTT COMMUNICATIONS, INC., RICHARD D. CALDER, JR., ERNIE ORTEGA, MICHAEL T. SICOLI, DANIEL M. FRASER, and STEVEN BERNS,

          Defendants.

Case No. 2:21-cv-00839-DOC-AS

## **TABLE OF CONTENTS**

I.     PRELIMINARY STATEMENT ................................................................................1

II.    STATEMENT OF FACTS ......................................................................................3

III.   ARGUMENT...........................................................................................................4

    A.    THE RELATED ACTIONS SHOULD BE CONSOLIDATED FOR ALL PURPOSES ..............................................................................................4

    B.    NG SHOULD BE APPOINTED LEAD PLAINTIFF...............................5

        1.    Ng Is Willing to Serve as Class Representative.................................6

        2.    Ng Has the "Largest Financial Interest"..............................................7

        3.    Ng Otherwise Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure ...........................................................8

        4.    Ng Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses ................................. 11

    C.    LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED ..........................................................................................12

IV.    CONCLUSION.....................................................................................................13

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Bao v. SolarCity Corp.*, No. 14-cv-01435-BLF,
  2014 U.S. Dist. LEXIS 111869 (N.D. Cal. Aug. 11, 2014) ........................................9

*City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*, No. 11-CV-04003-LHK,
  2012 U.S. Dist. LEXIS 2776 (N.D. Cal. Jan. 9, 2012)...................................................8

*Hanon v. Dataproducts Corp.*,
  976 F.2d 497 (9th Cir. 1992) ........................................................................................9

*Hessefort v. Super Micro Comput., Inc.*,
  317 F. Supp. 3d 1056 (N.D. Cal. 2018) .........................................................................9

*In re SolarCity Corp. Sec. Litig.*, No. 16-CV-04686-LHK,
  2017 U.S. Dist. LEXIS 11553 (N.D. Cal. Jan. 25, 2017)...............................................9

*Knox v. Yingli Green Energy Holding Co.*,
  136 F. Supp. 3d 1159 (C.D. Cal. 2015) .....................................................................7, 8

*Lax v. First Merchants Acceptance Corp.*, Nos. 97 C 2715 *et al.*,
  1997 U.S. Dist. LEXIS 11866 (N.D. Ill. Aug. 6, 1997) .............................................7, 8

*Mulligan v. Impax Labs., Inc.*, No. C-13-1037 EMC,
  2013 U.S. Dist. LEXIS 93119 (N.D. Cal. July 2, 2013) .................................................4

*Nicolow v. Hewlett Packard Co.*, Nos. 12-05980 CRB *et al.*,
  2013 U.S. Dist. LEXIS 29876 (N.D. Cal. Mar. 4, 2013) ...............................................8

*Osher v. Guess?, Inc.*, No. CV 01-00871 LGB (RNBx),
  2001 U.S. Dist. LEXIS 6057 (C.D. Cal. Apr. 26, 2001) ..............................................12

*Richardson v. TVIA, Inc.*, No. C-06-06304 RMW,
  2007 U.S. Dist. LEXIS 28406 (N.D. Cal. Apr. 16, 2007)...........................................4, 9

*Staton v. Boeing Co.*,
  327 F.3d 938 (9th Cir. 2003) ......................................................................................10

*Woburn Ret. Sys. v. Omnivision Techs., Inc.*, No. 5:11-CV-05235-RMW,
2012 U.S. Dist. LEXIS 21590 (N.D. Cal. Feb. 21, 2012) .............................................. 4

## Statutes

15 U.S.C. 78u-4(a)(3)(A)(ii) ....................................................................................*passim*

Private Securities Litigation Reform Act of 1995 ......................................................*passim*

## Rules

Fed. R. Civ. P. 42 ...................................................................................................... 1, 4, 5, 8

Fed. R. Civ. P. 23 ....................................................................................................*passim*

Movant Wai Lim Ng ("Ng") respectfully submits this Memorandum of Law in support of his motion, pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), and Federal Rule of Civil Procedure 42 ("Rule 42"), for the entry of an Order: (1) consolidating the above-captioned related actions (the "Related Actions"); (2) appointing Ng as Lead Plaintiff on behalf of all persons or entities that purchased or otherwise acquired GTT Communications, Inc. ("GTT" or the "Company") publicly traded securities from May 5, 2016 through November 9, 2020, inclusive (the "Class Period") (the "Class"); and (3) approving Lead Plaintiff's selection of Pomerantz LLP ("Pomerantz") as Lead Counsel for the Class.

## I.     PRELIMINARY STATEMENT

The Complaints in the Related Actions allege that GTT and certain of its officers defrauded investors in violation of the Exchange Act.  GTT investors, including Ng, incurred significant losses following the disclosure of the alleged fraud, which caused the prices of GTT securities to fall sharply, damaging Ng and other GTT investors.

Consolidation is appropriate under Rule 42(a) where actions involve common questions of law or fact.  Here, the Related Actions are putative class actions alleging violations of the federal securities laws by the same group of defendants arising from the same alleged wrongful misconduct.  As such, the Related Actions involve common questions of both law *and* fact, and consolidation is plainly warranted.

Pursuant to the PSLRA, the Court is to appoint as Lead Plaintiff the movant or group of movants that possesses the largest financial interest in the outcome of the Related Actions and that satisfies the requirements of Federal Rule of Civil Procedure 23 ("Rule 23"). 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). In connection with his transactions in GTT securities during the Class Period, Ng incurred losses of approximately $22,992. *See* Declaration of Jennifer Pafiti in Support of Motion ("Pafiti Decl."), Exhibit ("Ex.") A. Accordingly, Ng believes that he has the largest financial interest in the relief sought in the Related Actions.

Beyond his considerable financial interest, Ng also meets the applicable requirements of Rule 23 because his claims are typical of absent Class members and because he will fairly and adequately represent the interests of the Class.

To fulfill his obligations as Lead Plaintiff and vigorously prosecute the Related Actions on behalf of the Class, Ng has selected Pomerantz as Lead Counsel for the Class. Pomerantz is highly experienced in the area of securities litigation and class actions and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in the firm's resume.

Accordingly, Ng respectfully requests that the Court enter an order consolidating the Related Actions, appointing him as Lead Plaintiff for the Class, and approving his selection of Pomerantz as Lead Counsel for the Class.

## II.    STATEMENT OF FACTS

As alleged in the Complaint in the first-filed of the Related Actions, GTT operates a global communications network, providing telecommunications services to large, multinational enterprises, carriers, and governments across five continents.  Throughout the Class Period, GTT stated that its internal controls over financial reporting were "effective" and provided "reasonable assurance" that all required information was being disclosed.

In truth, GTT's internal controls over financial reporting were inadequate, which led to years of inaccurate financial reporting, including failing to make adequate adjustments to the Company's Cost of Telecommunication Services and failing to recognize certain expenses.

As a result of GTT's inadequate internal controls, the Company announced after market hours on August 10, 2020 that it would delay its filing of its quarterly report for the quarter ended June 30, 2020.  The Company stated it had identified "certain issues related to the recording and reporting of Cost of Telecommunications Services and related internal controls."

On this news, GTT shares fell by $0.65, or over 11%, from closing at $5.61 on August 10, 2020 to close at $4.96 on August 11, 2020.

On November 9, 2020, the Company announced its quarterly report for the quarter ended September 30, 2020 would be delayed as well.  The Company stated the delay was

caused by the ongoing review and "examining the accounting for Cost of Telecommunications Services and [. . .] a number of issues in connection with the Company's previously issued financial statements".

On this news, GTT shares fell by $0.04, or 1%, to close at $3.96 on November 9, 2020.

The plaintiffs in the Related Actions and the other Class members have suffered significant damages due to the above-captioned defendants' ("Defendants") false and misleading statements and omissions.

## III.    ARGUMENT

### A.    THE RELATED ACTIONS SHOULD BE CONSOLIDATED FOR ALL PURPOSES

Consolidation of cases is proper where, as here, the actions involve common questions of law and fact such that consolidation would prevent unnecessary cost or delay in adjudication. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters at issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay. Fed. R. Civ. P. 42(a); *see also Richardson v. TVIA, Inc.*, No. C-06-06304 RMW, 2007 U.S. Dist. LEXIS 28406, at *6 (N.D. Cal. Apr. 16, 2007); *Mulligan v. Impax Labs., Inc.*, No. C-13-1037 EMC, 2013 U.S. Dist. LEXIS 93119, at *10 (N.D. Cal. July 2, 2013); *Woburn Ret.*

*Sys. v. Omnivision Techs., Inc.*, No. 5:11-CV-05235-RMW, 2012 U.S. Dist. LEXIS 21590, at *9 (N.D. Cal. Feb. 21, 2012).

The PSLRA contemplates consolidation where "more than one action on behalf of a class asserting substantially the same claim or claims arising under this title is filed." 15 U.S.C. 78u-4(a)(3)(A)(ii).  As such, the PSLRA does not displace the traditional legal standards for consolidation under Rule 42(a).

Each of the Related Actions has been filed in this District alleging similar factual and legal grounds to support allegations of violations of Sections 10(b) and 20(a) of the Exchange Act, and Rule 10b-5 promulgated thereunder by the United States Securities and Exchange Commission, by the Defendants arising from the public dissemination of false and misleading information to investors.  Accordingly, the Related Actions should be consolidated pursuant to Rule 42(a) for all purposes.

## B.    NG SHOULD BE APPOINTED LEAD PLAINTIFF

Ng should be appointed Lead Plaintiff because, to his knowledge, he has the largest financial interest in the Related Actions and otherwise meets the requirements of Rule 23. Section 21D(a)(3)(B) of the PSLRA sets forth procedures for the selection of lead plaintiffs in class actions brought under the Exchange Act.  The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of the class action by the later of (i) 90 days after the date of publication,

or (ii) as soon as practicable after the Court decides any pending motion to consolidate. *See* 15 U.S.C. § 78u-4(a)(3)(B)(i) & (ii).

Further, under 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), the Court is directed to consider all motions by plaintiffs or purported class members to appoint lead plaintiff filed in response to any such notice. Under this section, the Court "shall" appoint "the presumptively most adequate plaintiff" to serve as lead plaintiff and shall presume that plaintiff is the person or group of persons, that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

As set forth below, Ng satisfies all three of these criteria and thus is entitled to the presumption that he is the most adequate plaintiff of the Class and, therefore, should be appointed Lead Plaintiff for the Class.

**1.      Ng Is Willing to Serve as Class Representative**

On January 12, 2021, counsel for plaintiff in the first-filed of the Related Actions caused a notice to be published over *Newsfile Corp.* pursuant to Section 21D(a)(3)(A)(i) of the PSLRA (the "Notice"), which announced that a securities class action had been filed against Defendants, and advised investors of GTT securities that they had until March 15,

2021—*i.e.*, 60 days from the date of the Notice—to file a motion to be appointed as Lead Plaintiff.  *See* Pafiti Decl., Ex. B.

Ng has filed the instant motion pursuant to the Notice and has attached a sworn Certification executed by him attesting that he is willing to serve as a representative for the Class and to provide testimony at deposition and trial, if necessary.  *See* Pafiti Decl., Ex. C.  Accordingly, Ng satisfies the first requirement to serve as Lead Plaintiff of the Class.

### 2.     Ng Has the "Largest Financial Interest"

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . in the determination of the court, has the largest financial interest in the relief sought by the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii).  To the best of his knowledge, Ng has the largest financial interest of any GTT investor seeking to serve as Lead Plaintiff based on the four factors articulated in the seminal case *Lax v. First Merchants Acceptance Corp.*: (1) the number of shares purchased; (2) the number of net shares purchased (also referred to as "retained shares"); (3) the total net funds expended; and (4) the approximate losses suffered.  Nos. 97 C 2715 *et al.*, 1997 U.S. Dist. LEXIS 11866, at *17-*18 (N.D. Ill. Aug. 6, 1997).  In accord with courts nationwide, these so-called *Lax* factors have been adopted by courts in the Ninth Circuit, including in this District.   *See, e.g.*, *Knox v. Yingli Green Energy Holding Co.*, 136 F. Supp. 3d 1159, 1163 (C.D. Cal. 2015) ("District courts have typically considered

the [*Lax*] factors to determine who has the largest financial interest[.]" (internal quotation marks and citations omitted)); *Nicolow v. Hewlett Packard Co.*, Nos. 12-05980 CRB *et al.*, 2013 U.S. Dist. LEXIS 29876, at *18 (N.D. Cal. Mar. 4, 2013) (same); *City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*, No. 11-CV-04003-LHK, 2012 U.S. Dist. LEXIS 2776, at *10-*11 (N.D. Cal. Jan. 9, 2012) (same).  Of the *Lax* factors, courts in this Circuit tend to emphasize approximate loss in assessing a lead plaintiff movant's financial interest within the meaning of the PSLRA.  *See, e.g.*, *Knox*, 135 F. Supp. 3d. at 1163; *Nicolow*, 2013 U.S. Dist. LEXIS 29876, at *18-*19.

During the Class Period, Ng: (1) purchased 1,994 shares of GTT securities; (2) expended $31,008 on his purchases of GTT securities; (3) retained all of his shares of GTT securities; and (4) as a result of the disclosures of the fraud, suffered a loss of $22,992 in connection with his purchases of GTT securities.  *See* Pafiti Decl., Ex. A.  Because Ng possesses the largest financial interest in the outcome of this litigation, he may be presumed to be the "most adequate" plaintiff.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

### 3.   Ng Otherwise Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure."  Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

(1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that the Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification; instead a *prima facie* showing that the movant satisfies the requirements of Rule 23 is sufficient. *See Hessefort v. Super Micro Comput., Inc.*, 317 F. Supp. 3d 1056, 1060-01 (N.D. Cal. 2018); *Bao v. SolarCity Corp.*, No. 14-cv-01435-BLF, 2014 U.S. Dist. LEXIS 111869, at *9 (N.D. Cal. Aug. 11, 2014). "This showing need not be as thorough as what would be required on a class certification motion and only needs to satisfy typicality and adequacy." *In re SolarCity Corp. Sec. Litig.*, No. 16-CV-04686-LHK, 2017 U.S. Dist. LEXIS 11553, at *13 (N.D. Cal. Jan. 25, 2017).

"The test of typicality 'is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.'" *Richardson*, 2007 U.S. Dist. LEXIS 28406, at *16 (quoting *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992)).

The claims of Ng are typical of those of the Class.  Ng alleges, as do all Class members, that Defendants violated the Exchange Act by making what they knew or should have known were false or misleading statements of material facts concerning GTT, or by

omitting to state material facts necessary to make the statements they did make not misleading. Ng, as did all Class members, purchased GTT securities during the Class Period at prices artificially inflated by Defendants' misrepresentations or omissions and was damaged upon the disclosure of those misrepresentations and/or omissions. These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the Class's claims, satisfy the typicality requirement of Rule 23(a)(3).

In determining whether the adequacy of representation requirement of Rule 23(a)(4) is met, courts in the Ninth Circuit consider whether "the representative plaintiffs and their counsel have any conflicts of interest with other class members" and ask "will the representative plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003) (citations omitted).

Ng is an adequate representative for the Class. Here, Ng has submitted a signed Certification declaring his commitment to protecting the interests of the Class. *See* Pafiti Decl., Ex. C. There is no antagonism between the interests of Ng and those of the Class, and Ng's significant financial interest demonstrates that he has a sufficient interest in the outcome of this litigation that gives him an incentive to vigorously prosecute fraud claims on behalf of the Class. Moreover, Ng has retained counsel highly experienced in vigorously and efficiently prosecuting securities class actions such as these Related

Actions, and submits his choice to the Court for approval pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

Further demonstrating his adequacy, Ng has submitted a Declaration attesting to, *inter alia*, his background, his investing experience, his understanding of the responsibilities of a Lead Plaintiff pursuant to the PSLRA, his decision to seek appointment as Lead Plaintiff, and the steps that he is prepared to take to prosecute this litigation on behalf of the Class. *See* Pafiti Decl., Ex. D.

### 4. Ng Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses

The presumption in favor of appointing Ng as Lead Plaintiff may be rebutted only upon proof "by a member of the purported plaintiff class" that the presumptively most adequate plaintiff:

> (aa)   will not fairly and adequately protect the interest of the class; or
>
> (bb)  is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

The ability and desire of Ng to fairly and adequately represent the Class has been discussed above.  Ng is not aware of any unique defenses Defendants could raise that would render him inadequate to represent the Class.

## C.     LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Osher v. Guess?, Inc.*, No. CV 01-00871 LGB (RNBx), 2001 U.S. Dist. LEXIS 6057, at *15 (C.D. Cal. Apr. 26, 2001).  The Court should interfere with Lead Plaintiff's selection only when necessary to "protect the interests of the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Ng has selected Pomerantz as Lead Counsel for the Class.  Pomerantz is a premier firm, highly experienced in the areas of securities litigation and class action lawsuits, which has successfully prosecuted numerous such actions on behalf of investors over its 80+ year history, as detailed in its firm resume.  *See* Pafiti Decl., Ex. E.  Pomerantz recently secured a recovery of $3 billion on behalf of investors in the securities of Petróleo Brasileiro S.A. — Petrobras, the largest class action settlement in a decade and the largest settlement ever in a class action involving a foreign issuer.  *See id.*  Petrobras is part of a long line of record-setting recoveries led by Pomerantz, including the $225 million settlement in *In re Comverse Technology, Inc. Securities Litigation*, No. 06-CV-1825 (E.D.N.Y.), in June 2010.  *Id.*  Most recently, Pomerantz announced as Lead Counsel on behalf of a class of Fiat Chrysler Automobiles N.V. investors that it has reached a $110 million settlement with the company.  *See id.*

As a result of its extensive experience in similar litigation, Ng's choice of counsel, Pomerantz, have the skill, knowledge, expertise, resources, and experience that will enable

the firm to prosecute the Class's claims in this litigation effectively and expeditiously. The Court may be assured that by approving Ng's selection of Pomerantz as Lead Counsel, the Class members will receive the best legal representation available. Thus, Ng respectfully urges the Court to appoint Pomerantz to serve as Lead Counsel.

## IV.   CONCLUSION

For the foregoing reasons, Ng respectfully requests that the Court issue an Order: (1) consolidating the Related Actions; (2) appointing Ng as Lead Plaintiff for the Class; and (3) approving Pomerantz as Lead Counsel for the Class.

Dated:  March 15, 2021                    POMERANTZ LLP

*/s/ Jennifer Pafiti*
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: (310) 405-7190
jpafiti@pomlaw.com

*Counsel for Movant Wai Lim Ng and*
*Proposed Lead Counsel for the Class*

CERTIFICATE OF SERVICE

I hereby certify that on March 15, 2021, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

*/s/ Jennifer Pafiti*
Jennifer Pafiti