1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re GTT Communications, Inc. Securities Litigation | Master File No. 2:21-cv-00270-DOC-AS |
| | <u>CLASS ACTION</u> |
| This Document Relates To: All Actions | |

<u>**STIPULATION OF SETTLEMENT**</u>

This Stipulation and Agreement of Settlement dated as of October 29, 2021 (together with all Exhibits hereto, "Stipulation"), which is entered into, by and through their undersigned attorneys, between (i) Lead Plaintiff Arthur Capital Inc. ("Plaintiff"), on behalf of itself and the Settlement Class (as defined herein) and (ii) GTT Communications, Inc. ("GTT"), Richard D. Calder, Jr., Ernie Ortega, Michael T. Sicoli, Daniel M. Fraser and Steven Berns ("Defendants" and with Plaintiff, "Parties"), states all of the terms of the settlement and resolution of this matter by

the Parties, and is intended by the Parties to fully and finally compromise, settle, release, resolve, remise, discharge, and dismiss with prejudice the Released Claims (as defined herein) against the Released Parties (as defined herein), as set forth below.

Throughout this Stipulation, all terms used with initial capitalization, but not immediately defined, shall have the meanings ascribed to them in Paragraph 1 below.

**WHEREAS:**

### A.    The Action

The first action was commenced on January 12, 2021, styled as *Frank Roth Beteiligungs GmbH v. GTT Communications, Inc., et al.*, Case No. 2:21-cv-00270 (C.D. Cal.), alleging violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"). Dkt. No. 1. On January 29, 2021, a related action, styled as *Grigore v. GTT Communications, Inc., et al.*, Case No. 2:21-cv-00839 (C.D. Cal.) was also filed alleging the same claims.

On March 15, 2021, Arthur Capital Inc. filed a motion seeking to be appointed Lead Plaintiff and for its counsel, The Rosen Law Firm, P.A. to be appointed Lead Counsel. Dkt. No. 9. After a virtual hearing on April 12, 2021, the Court: consolidated the actions, restyling the lead action as *In re GTT Communications, Inc. Securities Litigation,* Case No. 2:21-cv-00270, and granted Arthur Capital Inc.'s motion. Dkt. No. 31.

Pursuant to the Court's order granting a scheduling stipulation regarding the filing of an amended complaint and response thereto, Plaintiff was to file the amended complaint by June 14, 2021. Dkt. No. 27. On June 7, 2021, the Parties entered a stipulation requesting the Court to stay the action pending mediation scheduled for July 6, 2021. Dkt. No. 38. The Court granted this request and stayed the Action pending mediation. Dkt. No. 39.

On July 20, 2021, the Parties filed a status report to notify the Court that although the mediation session did not resolve in a settlement, settlement discussions remained ongoing. Dkt. No. 40. Per the Parties' request, the Court set August 3, 2021 as a deadline for a status report or if settlement could not be reached, for Plaintiff to file the amended complaint. Dkt. No. 41. On August 3, 2021, the Parties filed another status report notifying the Court that they had reached a settlement in principle, that Plaintiff would file an amended complaint by August 17, 2021, and that the Parties would work to formally document the settlement. Dkt. No. 42.

On August 17, 2021, Plaintiff filed the Consolidated Amended Class Action Complaint for Violations of the Federal Securities Laws ("Amended Complaint") Dkt. No. 44.

### B.    The Settlement

In the spring of 2021, the Parties began to discuss mediation and engaged Jed Melnick, Esq. of JAMS, a well-respected mediator. On June 24, 2021, the Parties exchanged detailed mediation statements. The Parties attended an all-day, virtual mediation with Mr. Melnick on July 6, 2021. Although a settlement was not reached at this session, with Mr. Melnick's assistance the Parties continued settlement discussions over the telephone and via email. The Parties reached a settlement in principle and executed a binding Memorandum of Understanding that set forth the material terms and obligations with respect to the settlement on August 9, 2021.

This Stipulation memorializes the agreement between the Parties to fully and finally settle the Action and to fully release all Released Claims against Defendants and the Released Parties with prejudice in return for the consideration specified herein.

## C.     Defendants' Denial of Wrongdoing and Liability

Throughout this Action, Defendants have denied, and continue to deny, any and all allegations of fault, liability, wrongdoing, or damages whatsoever arising out of any of the conduct, statements, acts, or omissions alleged, or that could have been alleged, in the Action. Defendants have denied, and continue to deny, the allegations that Plaintiff or any Settlement Class Member has suffered damages or was harmed by any of the conduct alleged in the Action or that could have been alleged as part of the Action. In addition, Defendants maintain that they have meritorious defenses to all claims in the Action. Defendants continue to believe the claims asserted against them in the Action are without merit and have agreed to enter into the Settlement set forth in this Stipulation solely to avoid the expense, distraction, time and uncertainty associated with the Action.

Defendants have concluded that it is desirable that the Action be fully and finally settled in the manner and upon the terms and conditions set forth in this Stipulation. Defendants also have taken into account the risks inherent in any litigation, especially in complex cases such as this Action. Defendants have therefore determined that it is desirable and beneficial to them that the Action be settled in the manner and upon the terms and conditions set forth in this Stipulation.

## D.     Claims of Plaintiff and Benefits of Settlement

Plaintiff believes that the claims it asserted in the Action on its own behalf and on behalf of the putative Class have merit. Plaintiff, however, recognizes and acknowledges the expense and length of continued proceedings necessary to prosecute the Action against Defendants through trial and appeals. Plaintiff has also taken into account the uncertain outcome and the risk of any litigation. In particular, Plaintiff has considered the early procedural posture in this Action, and that even if they were successful in defeating Defendants' anticipated motion to dismiss the Amended Complaint, inherent problems of proof and possible defenses to the

federal securities law violations asserted in the Action pose formidable hurdles to a more successful resolution. Plaintiff has determined, therefore, that the Settlement set forth in this Stipulation is fair, adequate, reasonable, and in the best interests of the Settlement Class.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED** by and among Plaintiff (on behalf of itself and each of the Settlement Class Members) and Defendants, by and through their respective undersigned counsel, that, subject to the approval of the Court, in consideration of the benefits flowing to the Parties from the Settlement set forth herein, the Action and the Released Claims as against the Released Parties shall be finally and fully compromised, settled and released, the Action shall be dismissed with prejudice and the Released Claims shall be finally and fully released as against the Released Parties, upon and subject to the terms and conditions of this Stipulation, as follows:

1. **Definitions**

In addition to the terms defined above, the following capitalized terms, used in this Stipulation, shall have the meanings specified below:

1.1. "2019 Action Settlement" means the Settlement described in the Stipulation and Agreement of Settlement in the action captioned *Plymouth County Retirement System v. GTT Communications, Inc. et al.*, Case No. 1:19-cv-982 (E.D. Va.), Dkt. No. 84-1 in that action. ¶1.44, as "all persons or entities who purchased or otherwise acquired publicly traded common stock of GTT from February 26, 2018 to August 7, 2019, inclusive, and who were damaged thereby. Excluded from the [2019 Action] Settlement Class are Defendants, the Officers and directors of GTT at all relevant times, and all such excluded persons' Immediate Family members, legal representatives, heirs, agents, affiliates, predecessors, successors and assigns, and any entity in which any excluded person has or had a controlling interest. Also excluded from the [2019 Action] Settlement Class are those persons

5

who file valid and timely requests for exclusion in accordance with the Preliminary Approval Order."

**1.2.**   "2019 Action Settlement Class Period" means February 26, 2018 to August 7, 2019, both dates inclusive.

**1.3.**   "Action" means the putative class action captioned *In re GTT Communications, Inc. Securities Litigation,* Case No. 2:21-cv-00270 (C.D. Cal.), including all actions consolidated into *In re GTT Communications, Inc. Securities Litigation,* Case No. 2:21-cv-00270 (C.D. Cal.).

**1.4.**   "Administrative Costs" means all costs and expenses associated with providing notice of the Settlement to the Settlement Class and otherwise administering or carrying out the terms of the Settlement.  Such costs may include, without limitation: escrow agent costs, the costs of publishing and disseminating the Notice, the costs of printing and mailing the Notice and Proof of Claim, as directed by the Court, and the costs of allocating and distributing the Net Settlement Fund to the Authorized Claimants.  Such costs do not include legal fees.

**1.5.**   "Authorized Claimant" means any Settlement Class Member who is a Claimant and whose claim for recovery has been allowed pursuant to the terms of this Stipulation, the exhibits hereto, and any order of the Court.

**1.6.**   "Automatic Stay" has the meaning ascribed to it in Section 12.1 of this Stipulation.

**1.7.**   "Award to Plaintiff" means the requested reimbursement to Plaintiff for its reasonable costs and expenses directly related to Plaintiff's representation of the Settlement Class in the Action

**1.8.**   "Business Day" means any day except Saturday, Sunday, or any legal holiday as defined by Federal Rule of Civil Procedure 6(a)(6).

**1.9.**   "Claimant" means any Settlement Class Member who files a Proof of Claim in such form and manner, and within such time, as the Court shall permit.

**1.10.**   "Claims" means any and all manner of claims, debts, demands, controversies, obligations, losses, costs, interest, penalties, fees, expenses, rights, duties, judgments, sums of money, suits, contracts, agreements, promises, damages, causes of action and liabilities, of every nature and description in law or equity (including, but not limited to, any claims for damages, whether compensatory, special, incidental, consequential, punitive, exemplary or otherwise, injunctive relief, declaratory relief, recession or recessionary damages, interest, attorneys' fees, expert or consulting fees, costs, or expenses), accrued or unaccrued, known or unknown, arising under federal, state, common, administrative, or foreign law, or any other law, rule, or regulation.

**1.11.** "Claims Administrator" means Strategic Claims Services, which shall administer the Settlement.

**1.12.** "Court" means the United States District Court for the Central District of California, or if this Action is transferred to another court, the transferee court.

**1.13.** "Defendants" means GTT Communications, Inc., Richard D. Calder, Jr., Ernie Ortega, Michael T. Sicoli, Daniel M. Fraser, and Steven Berns.

**1.14.** "Defense Counsel" means Cravath, Swaine & Moore LLP and Troutman Pepper Hamilton Sanders LLP.

**1.15.** "Escrow Account" means an interest-bearing escrow account established by the Escrow Agent at the Huntington National Bank. The Escrow Account shall be managed by the Escrow Agent, subject to the Court's supervisory authority, for the benefit of Plaintiff and the Settlement Class in accordance with the terms of the Stipulation and any order of the Court, provided that, unless this

Stipulation otherwise permits, no amount shall be withdrawn from the Escrow Account prior to the Effective Date absent written approval of Defendants or their counsel, or an order of the Court after notice to Defendants.

**1.16.** "Escrow Agent" means Huntington Bank. The Escrow Agent shall perform the duties as set forth in this Stipulation and any order of the Court.

**1.17.** "Effective Date" shall have the meaning set forth in ¶10.5 of this Stipulation.

**1.18.** "Final" when referring to the Final Judgment means exhaustion of all possible appeals, meaning (i) if no appeal or request for review is filed, the day after the date of expiration of any time for appeal or review of the Final Judgment, and (ii) if an appeal or request for review is filed, the day after the date the appeal or request for review is dismissed, or the Final Judgment is upheld on appeal or review in all material respects, and is not subject to further review on appeal or by *certiorari* or otherwise; provided, however, that any dispute or appeals relating solely to the amount, payment or allocation of attorneys' fees and expenses or the Plan of Allocation shall have no effect on finality for purposes of determining the date on which the Final Judgment becomes Final.

**1.19.** "Final Judgment" means the order and judgment to be entered by the Court finally approving the Settlement, materially in the form attached hereto as Exhibit B.

**1.20.** "Lead Counsel" means The Rosen Law Firm, P.A.

**1.21.** "Long Notice" means the Notice of Pendency and Proposed Settlement of Class Action, substantially in the form attached hereto as Exhibit A-1.

**1.22.** "Net Settlement Fund" means the Settlement Fund, less: (i) the Fee and Expense Awards (as defined below); (ii) Administrative Costs; (iii) Taxes

and Tax Expenses; (iv) any Award to Plaintiff; and (v) other fees and expenses authorized by the Court.

      **1.23.** "Notice" means collectively, the Long Notice, the Summary Notice, and the Postcard Notice, which are to be made available to Settlement Class Members substantially in the forms attached hereto as Exhibits A-1, A-3, and A-4 on the Claims Administrator's website and/or mailed to Settlement Class Members.

      **1.24.** "Party" means any one of, and "Parties" means all of Defendants and Plaintiff (on behalf of itself and the Settlement Class).

      **1.25.** "Person" means an individual, corporation, fund, limited liability corporation, professional corporation, limited liability partnership, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assigns.

      **1.26.** "Plaintiff" means Arthur Capital Inc.

      **1.27.** "Plan of Allocation" means a plan or formula for allocating the Settlement Fund to Authorized Claimants after payment of Administrative Costs, Taxes and Tax Expenses, and such attorneys' fees, costs, and expenses as may be awarded by the Court. The Plan of Allocation is not a condition to the effectiveness of this Stipulation, and the Released Parties shall have no responsibility or liability, with respect thereto.

      **1.28.** "Postcard Notice" means the Postcard Notice, alerting potential Class Members to the availability of the Notice and containing instructions on how Class Members can obtain copies of the Notice and Proof of Claim either by electronic means or by mail, substantially in the form attached hereto as Exhibit A-4.

**1.29.** "Preliminary Approval Order" means an order preliminarily approving the Settlement and directing notice thereof to the Settlement Class, substantially in the form of the proposed order attached hereto as Exhibit A.

**1.30.** "Proof of Claim" means the Proof of Claim and Release Form to be submitted by Claimants, substantially in the form attached hereto as Exhibit A-2.

**1.31.** "Related Parties" means, with respect to each Released Party, the immediate family members, employees, officers, directors, attorneys, legal representatives, accountants, insurers, reinsurers, and agents of each of them, and any person or entity which is or was related to or affiliated with any Released Party or in which any Released Party has a controlling interest, and their present and former parents, subsidiaries, variable interest entities, divisions, affiliates, employees, officers, directors, attorneys, legal representatives, insurers, reinsurers, and agents, and the predecessors, heirs, administrators, successors and assigns of the foregoing.

**1.32.** "Released Claims" means and includes any and all Claims and Unknown Claims (as defined in ¶1.43) that have been or could have been asserted by or on behalf of any of the Releasing Parties, in any capacity, which arise out of, are based upon, or concern or relate in any way to the purchase, acquisition, holding, sale, or disposition of any GTT publicly traded securities during the Settlement Class Period, including but not limited to any claims alleged in the Action and any claims related to the allegations, facts, transactions, events, matters, occurrences, acts, disclosures, oral or written statements, representations, omissions, failures to act, filings, publications, disseminations, press releases, or presentations involved, related to, set forth, alleged or referred to in the Action. Notwithstanding the foregoing, "Released Claims" does not include claims to enforce the terms of this

Stipulation or orders or judgments issued by the Court in connection with this Settlement.

**1.33.** "Released Parties" means Defendants and each and all of their Related Parties, their respective families, parent entities, associates, affiliates or subsidiaries, and each and all of their respective past, present or future officers, directors, stockholders, agents, representatives, employees, attorneys, financial or investment advisors, advisors, consultants, accountants, investment bankers, commercial bankers, trustees, engineers, agents, insurers, co-insurers and reinsurers, heirs, executors, general or limited partners or partnerships, personal or legal representatives, estates, administrators, predecessors, successors and assigns.

**1.34.** "Releasing Parties" means Plaintiff, each and every Settlement Class Member and each of their respective parent entities, associates, affiliates, subsidiaries, predecessors, successors, assigns, attorneys, immediate family members, heirs, representatives, administrators, executors, devisees, legatees, and estates, whether or not they object to the Settlement set forth in this Stipulation, and whether or not they make a claim for payment from the Net Settlement Fund.

**1.35.** "Settlement" means the settlement contemplated by this Stipulation.

**1.36.** "Settlement Amount" means two million dollars ($2,000,000).

**1.37.** "Settlement Class" means all persons other than Defendants who acquired GTT publicly traded securities from May 5, 2016 through July 30, 2021, both dates inclusive, and who were damaged thereby. Excluded from the Settlement Class are: (a) persons who suffered no compensable losses; and (b) Defendants; the present and former officers and directors of the Company at all relevant times; members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which any of the Defendants, or any

person excluded under this subsection (b), has or had a majority ownership interest at any time.

**1.38.** "Settlement Class Member" means any one of, and "Settlement Class Members" means all of, the members of the Settlement Class.

**1.39.** "Settlement Class Period" means the period from May 5, 2016 through July 30, 2021, both dates inclusive.

**1.40.** "Settlement Fund" means all funds transferred to the Escrow Account pursuant to this Stipulation and any interest or other income earned thereon.

**1.41.** "Settlement Hearing" means the hearing at or after which the Court will make a final decision pursuant to Rule 23 of the Federal Rules of Civil Procedure as to whether the Settlement contained in the Stipulation is fair, reasonable and adequate, and therefore, should receive final approval from the Court.

**1.42.** "Summary Notice" means the Summary Notice of Pendency and Proposed Class Action Settlement that the Claims Administrator will cause to be published, substantially in the form attached hereto as Exhibit A-3.

**1.43.** "Unknown Claims" means all Claims of every nature and description which Plaintiff or any Settlement Class Member do not know or suspect to exist in their favor at the time of the release of the Released Parties which, if known by them, might have affected their decision with respect to the settlement with and release of the Released Parties, including without limitation any decision not to opt-out or object to this Settlement.

## 2.   The Settlement Consideration

**2.1.**   In consideration of the full and final release, settlement, and discharge of all Released Claims against the Released Parties, within 21 days after entry of the Preliminary Approval Order (and subject to the Automatic Stay, if

12

applicable), Defendants shall pay, or cause their insurers to pay, for the benefit of the Settlement Class, the Settlement Amount of $2,000,000 cash into the Escrow Account, provided that Lead Counsel shall have provided Defendants with complete and accurate payment instructions and a W-9 for the Settlement Fund at least five Business Days before the day of such payment.

**2.2.**     The obligations incurred pursuant to this Agreement shall be in full and final disposition and settlement of all Released Claims. Plaintiff and Settlement Class Members shall look solely to the Settlement Fund as full, final, and complete satisfaction of all Released Claims. Under no circumstances will Defendants be required to pay, or cause payment of, more than the Settlement Amount pursuant to this Stipulation or the Settlement for any reason whatsoever, including, without limitation, as Administrative Costs, as compensation to any Settlement Class Member, as payment of Plaintiff's or any Settlement Class Member's attorneys' fees and expenses, or in payment of any fees, expenses, costs, liability, losses, Taxes, or damages whatsoever alleged or incurred by Plaintiff, any Settlement Class Member or Lead Counsel, including but not limited to their attorneys, experts, advisors, agents, or representatives.

**3.**     **Handling and Disbursement of Funds by the Escrow Agent**

**3.1.**     No monies will be disbursed from the Settlement Fund prior to the Effective Date except:

**(a)**     As provided in ¶3.4 below;

**(b)**     As provided in ¶8.2 below;

**(c)**     As provided in ¶10.9 below, if applicable; and

**(d)**     To pay Taxes and Tax Expenses (as defined in ¶4.1 below). Taxes and Tax Expenses shall be paid out of the Settlement Fund and shall be considered to be a cost of administration of the Settlement and shall be timely paid by the Escrow Agent without prior Order of the Court.

13

**3.2.**     The Escrow Agent shall invest the Settlement Fund in short term instruments backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof and shall reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates.  The Escrow Agent shall bear all responsibility and liability for managing the Escrow Account and cannot assign or delegate its responsibilities without approval of the Parties. Defendants, their counsel, their insurers, and the other Released Parties shall have no responsibility for, interest in, or any liability whatsoever with respect to any investment or management decisions executed by the Escrow Agent.  The Settlement Fund shall bear all risks related to the investments of the Settlement Amount in accordance with the guidelines set forth in this ¶3.2.

**3.3.**     The Escrow Agent shall not disburse the Settlement Fund except as provided in this Stipulation, by an order of the Court, or with the written agreement of Defendants.At any time after the Court grants preliminary approval of the Settlement, the Escrow Agent may, without further approval from Defendants or the Court, disburse at the direction of Lead Counsel up to $250,000 from the Settlement Fund prior to the Effective Date to pay Administrative Costs.  After the Effective Date, an additional $125,000 may be transferred from the Settlement Fund to pay for any reasonable and necessary Administrative Costs without further order of the Court.  No payment from the Settlement Fund, including, without limitation, any distributions from the Net Settlement Fund or payments of any attorneys' fees or compensatory awards to Plaintiff, shall in any event be made to any Settlement Class Member (including Plaintiff) or to Lead Counsel prior to the Effective Date.

**4.**     **Taxes**

**4.1.**     The Parties agree to treat the Settlement Fund as being at all times a "qualified settlement fund" within the meaning of Treasury Regulation

§ 1.468B-1. In addition, Lead Counsel shall timely make, or cause to be made via the Escrow Agent, such elections as necessary or advisable to carry out the provisions of this ¶4.1, including the "relation-back election" (as defined in Treasury Regulation § 1.468B-1) back to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of Lead Counsel to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur. Upon written request, the Released Parties will timely provide to Lead Counsel the statement described in Treasury Regulation § 1.468B-3(e).

**(a)**     For purposes of § 1.468B of the Internal Revenue Code of 1986, as amended, and Treasury Regulation § 1.468B-2(k)(3) promulgated thereunder, the "administrator" shall be Lead Counsel. Lead Counsel shall timely and properly file, or cause to be filed via the Escrow Agent, all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including without limitation the returns described in Treasury Regulation § 1.468B-2(k)). Such returns (as well as the election described in this ¶4.1) shall be consistent with this ¶4.1 and in all events shall reflect that all Taxes (including any estimated Taxes, interest or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund.

**(b)**     All taxes (including any estimated taxes, interest or penalties) arising with respect to the income earned by the Settlement Fund, including any taxes or tax detriments that may be imposed upon the Released Parties with respect to (i) any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes, and (ii) the payment or reimbursement by the Settlement Fund of any taxes or tax detriments described in clause (i) ("Taxes"), and all expenses

and costs incurred in connection with the operation and implementation of this ¶4.1 (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses or penalties relating to filing (or failing to file) the returns described in this ¶4.1) ("Tax Expenses"), shall be paid out of the Settlement Fund, as appropriate.  The Released Parties shall have no liability or responsibility for the Taxes or the Tax Expenses. Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement and shall be timely paid out of the Settlement Fund without prior order from the Court.  The Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be withheld under Treasury Regulation § 1.468B-2(1)(2)).  The Released Parties shall have no responsibility for, interest in, or any liability whatsoever with respect to the acts or omissions of Lead Counsel or the Escrow Agent with respect to the foregoing provided in this ¶4.1.  The Parties agree to cooperate with each other, and their tax attorneys and accountants, to the extent reasonably necessary to carry out the provisions of this ¶4.1.

## 5. Preliminary Approval Order, Notice Order, and Settlement Hearing

**5.1.**    As soon as practicable after execution of this Stipulation (and subject to the Automatic Stay, if applicable), Lead Counsel shall submit this Stipulation and its exhibits to the Court and shall move for preliminary approval of the Settlement set forth in this Stipulation, entry of a preliminary approval order, and approval for the mailing and dissemination of notice, substantially in the form of Exhibits A, A-1, A-2, A-3, and A-4. The Postcard Notice (Exhibit A-4) shall inform potential Class Members of the availability of the Notice either by first class mail, postage pre-paid, or by electronic delivery. The Long Notice (Exhibit A-1)

shall include the general terms of the Settlement and the provisions of the Plan of Allocation, and shall set forth the procedure by which recipients of the Notice may object to the Settlement or the Plan of Allocation or request to be excluded from the Settlement Class. The date and time of the Settlement Hearing shall be added to the Notice before it is mailed or otherwise provided to Settlement Class Members.

**5.2.**    At the time of the submission described in ¶5.1 hereof (and subject to the Automatic Stay, if applicable), Plaintiff, through Lead Counsel, shall request that, after the Notice is provided, the Court hold the Settlement Hearing and (i) approve the Settlement as set forth herein, and (ii) enter a final order and judgment substantially in the form of Exhibit B hereto, as promptly after the Settlement Hearing as possible.

**5.3.**    It shall be Lead Counsel's sole responsibility to disseminate the Notice to the Class in accordance with this Stipulation and as ordered by the Court. Defendants shall not bear any cost or responsibility for class Notice, administration, or the allocation of the settlement amount among Settlement Class Members. Settlement Class Members shall have no recourse as to the Released Parties with respect to any claims they may have that arise from any failure of the notice process.

**5.4.**    To assist in dissemination of notice, Defendants will provide GTT's transfer records information reasonably available to GTT concerning the identity of Settlement Class Members, including any names and addresses of Settlement Class Members and nominees or custodians that exist in such transfer records ("Settlement Class Information") to Lead Counsel. Defendants shall provide, or cause to be provided, to Lead Counsel or the Claims Administrator, at no cost to Plaintiff or the Settlement Class, within 15 Business Days after the Court signs an order preliminarily approving the Settlement (and subject to the Automatic Stay, if applicable), transfer records in electronic searchable form, such as an Excel spreadsheet or other form as is reasonably available to GTT, containing the

Settlement Class Information.   The Parties acknowledge that any information Defendants provide to Lead Counsel or the Claims Administrator pursuant to this ¶5.4 shall be treated as confidential and will be used by Lead Counsel and/or the Claims Administrator solely to deliver the Notice and/or implement the Settlement, including the Plan of Allocation.

**5.5.**   No later than ten days following the filing of this Stipulation with the Court (and subject to the Automatic Stay, if applicable), Defendants shall serve, or cause to be served, the notice required under the Class Action Fairness Act of 2005 ("CAFA"). At least seven days before the Settlement Hearing, Defendants shall file with the Court an affidavit or declaration regarding their compliance with the CAFA notice requirements.

**6.**   **Releases and Covenants Not to Sue**

**6.1.**   Upon the Effective Date, the Releasing Parties, regardless of whether any such Releasing Party ever seeks or obtains by any means, including without limitation by submitting a Proof of Claim, any disbursement from the Settlement Fund, shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever compromised, settled, resolved, released, relinquished, waived, dismissed, and discharged all Released Claims against the Released Parties and shall have covenanted not to sue the Released Parties with respect to all such Released Claims, and shall be permanently barred and enjoined from asserting, commencing, prosecuting, instituting, assisting, instigating, or in any way participating in the commencement or prosecution of any action or other proceeding, in any forum, asserting any Released Claim, in any capacity, against any of the Released Parties, and agree and covenant not to sue any of the Released Parties on the basis of the Released Claims or to assist any third party in commencing or maintaining any suit against the Released Parties related to any Released Claims, whether or not such Settlement Class Member executes and

delivers a Proof of Claim Form, seeks or obtains a distribution from the Settlement Fund, is entitled to receive a distribution under the Plan of Allocation approved by the Court, or has objected to any aspect of the Stipulation or the Settlement, the Plan of Allocation, or Lead Counsel's application for an award of attorneys' fees or expenses For the avoidance of doubt, Defendants are released from any and all claims for contribution or indemnity, as would otherwise be allowed by Section 21D of the Exchange Act, 15 U.S.C. §78u-4(f)(7).  Nothing contained herein shall, however, bar the Releasing Parties from bringing any action or claim to enforce the terms of this Stipulation or the Final Judgment. Nor shall anything contained herein limit or release any claims Defendants may have with regard to insurance coverage that may be available to them under any applicable policy. This release shall not apply to any Settlement Class Members who timely and properly excludes themselves from the Settlement Class.

        **6.2.**   With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date, Plaintiff and the Released Parties shall expressly waive, and each of the Settlement Class Members and Releasing Parties shall be deemed to have waived, and by operation of the Final Judgment shall have waived, the provisions, rights, and benefits of California Civil Code § 1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

With respect to any and all Released Claims, Plaintiff and the Released Parties shall expressly waive and each of the Settlement Class Members shall be deemed to have waived, and by operation of the Final Judgment shall have waived, any and all

provisions, rights and benefits conferred by any law of any state, territory, foreign country or principle of common law, which is similar, comparable or equivalent to California Civil Code § 1542. Plaintiff, the Released Parties and/or one or more Settlement Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the Released Claims, but Plaintiff and the Released Parties shall expressly fully, finally and forever settle and release, and each Settlement Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally and forever settled and released, any and all Released Claims, known or unknown, suspected or unsuspected, contingent or noncontingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of fiduciary duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. Plaintiff and the Released Parties acknowledge, and the Settlement Class Members shall be deemed by operation of the Final Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement of which this release is a part.

**6.3.** Upon the Effective Date, the Released Parties shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged all claims they may have against the Releasing Parties, including Settlement Class Members and Lead Counsel, related to the prosecution of the Action or any other known or unknown counter-claim related thereto and shall have covenanted not to sue the Releasing Parties, including Settlement Class Members and Lead Counsel, with respect to any counter claim, claim, or sanction related to the Released Claims, and shall be permanently barred

and enjoined from asserting, commencing, prosecuting, instituting, assisting, instigating, or in any way participating in the commencement or prosecution of any action or other proceeding, in any forum, asserting any such claim, in any capacity, against any of the Releasing Parties, including Settlement Class Members and Lead Counsel, and agree and covenant not to sue any of the Releasing Parties, including Settlement Class Members and Lead Counsel, on the basis of any such claim or to assist any third party in commencing or maintaining any suit against the Releasing Parties related to any such claim. Nothing contained herein shall, however, bar the Released Parties from bringing any action or claim to enforce the terms of this Stipulation or the Final Judgment.

6.4.    The releases provided in this Stipulation shall become effective immediately upon occurrence of the Effective Date without the need for any further action, notice, condition, or event. Plaintiff, Releasing Parties, and Settlement Class Members shall be deemed to acknowledge that, as of the Effective Date, the releases given herein shall become effective immediately by operation of the Final Judgment and shall be permanent, absolute, and unconditional. Upon the Effective Date to the extent allowed by law, this Stipulation shall operate conclusively as an estoppel and full defense in the event, and to the extent, or any claim, demand, action, or proceeding brought by a Settlement Class Member against any of the Defendant Releasees with respect to any Released Plaintiff's Claims, or brought by a Defendant against any of the Plaintiff Releasees with respect to any Released Defendants' Claim.

**7.    Administration and Calculation Of Claims, Final Awards And Supervision And Distribution Of The Settlement Fund**

7.1.    Under the supervision of Lead Counsel, acting on behalf of the Settlement Class, and subject to such supervision and direction of the Court as may be necessary or as circumstances may require, the Claims Administrator shall

administer and calculate the claims submitted by Settlement Class Members and shall oversee distribution of the Net Settlement Fund (as defined below) to Authorized Claimants.  After the Effective Date, Lead Counsel shall apply to the Court, on notice to the Parties, for the Settlement Fund Distribution Order.

**7.2.**    The Settlement Fund shall be applied as follows:

**(a)**    To pay the Taxes and Tax Expenses described in ¶4.1 above;

**(b)**    To pay Administrative Costs;

**(c)**    To pay Lead Counsel's attorneys' fees and expenses and payments to Plaintiff for reimbursement of its time and expenses ("Fee and Expense Award"), to the extent allowed by the Court; and

**(d)**    To distribute the balance of the Settlement Fund, that is, the Settlement Fund less the items set forth in ¶¶7.2(a), (b), and (c) hereof ("Net Settlement Fund"), plus all accrued interest, to the Authorized Claimants as allowed by this Stipulation, the Plan of Allocation, or the Court.

**7.3.**    Upon and after the Effective Date, the Net Settlement Fund shall be distributed to Authorized Claimants in accordance with the terms of the Plan of Allocation set forth in the Notice and any orders of the Court. No Person shall have any claims against Lead Counsel, the Claims Administrator, or any other agent designated by Lead Counsel based on distribution determinations or claim rejections made substantially in accordance with this Stipulation and the Settlement contained herein, the Plan of Allocation, or orders of the Court.  Lead Counsel shall have the right, but not the obligation, to waive what it deems to be formal or technical defects in any Proofs of Claim filed, where doing so is in the interest of achieving substantial justice.

**7.4.**    This is not a claims-made settlement, and if all conditions of the Stipulation are satisfied and the Final Judgment becomes Final, no portion of the

Settlement Fund will be returned to Defendants. Defendants, their counsel, their insurers, and the other Released Parties shall have no responsibility for, involvement in, interest in, or liability whatsoever with respect to the investment or distribution of the Net Settlement Fund, the Plan of Allocation, the determination, administration, or calculation of claims, the payment or withholding of Taxes or Tax Expenses, or any losses incurred in connection therewith. In no instance shall any Defendant Releasee be required to pay any amount other than as specified in Paragraph 2.1.

**7.5.** The Claims Administrator shall administer the Settlement subject to the jurisdiction of the Court and pursuant to this Stipulation and the Plan of Allocation. Plaintiff and Lead Counsel shall be solely responsible for formulation of the Plan of Allocation. It is understood and agreed by the Parties that any proposed Plan of Allocation of the Net Settlement Fund including, but not limited to, any adjustments to an Authorized Claimant's claim set forth therein, is not a condition of this Stipulation and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement. Any order or proceedings relating to the Plan of Allocation, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to modify, terminate or cancel this Stipulation, or affect or delay the finality of the Final Judgment and the releases contained therein, or any other orders entered pursuant to this Stipulation.

**7.6.** Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's claim, and the claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to that Claimant's status as a Settlement Class Member and the validity of the amount of the

Claimant's claim. No discovery shall be allowed on the merits of the Action or Settlement in conjunction with the processing of the Proofs of Claim.

**7.7.** Payment pursuant to this Stipulation shall be deemed final and conclusive against all Claimants. All Claimants whose claims are not approved by the Court shall be barred from participating in the distribution from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Final Judgment to be entered in this Action and the releases provided for herein, and will be barred from bringing any action against the Released Parties concerning the Released Claims.

**7.8.** All proceedings with respect to the administration, processing, and determination of claims and all controversies relating thereto, including disputed questions of law and fact with respect to the validity of claims, shall be subject to the jurisdiction of this Court, but shall not delay or affect the finality of the Final Judgment.

**7.9.** Neither the Parties nor their counsel shall have any responsibility for or liability whatsoever with respect to: (i) any act, omission, or determination of the Escrow Agent or the Claims Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement Fund or otherwise; (ii) the Plan of Allocation; (iii) the determination, administration, calculation, or payment of any claims asserted against the Settlement Fund; (iv) any losses suffered by, or fluctuations in the value of, the Settlement Fund; or (v) the payment or withholding of any Taxes, expenses, and/or costs incurred in connection with the taxation of the Settlement Fund or the filing of any returns.

## 8.    Lead Counsel's Attorneys' Fees and Reimbursement of Expenses

**8.1.** Lead Counsel may, subject to the Automatic Stay, if applicable, submit an application or applications ("Fee and Expense Application") for

distributions from the Settlement Fund to Lead Counsel for a Fee and Expense Award consisting of: (i) an award of attorneys' fees from the Settlement Fund; (ii) reimbursement of actual costs and expenses, including the fees and expenses of any experts or consultants, incurred in connection with prosecuting the Action; and (iii) an Award to Plaintiff as payment to Plaintiff for reimbursement of its time and expenses in connection with the Action. Defendants shall take no position with respect to the Fee and Expense Application(s). Lead Counsel's application for an award of attorneys' fees or Litigation Expenses is not the subject of any agreement between Defendants and Plaintiff other than what is set forth in this Stipulation.

**8.2.** Any attorneys' fees and expenses awarded to Lead Counsel by the Court shall be paid to Lead Counsel from the Escrow Account within three Business Days of the date the Court enters an order approving the Fee and Expense Award (subject to the Automatic Stay, if applicable), notwithstanding the existence of any timely filed objections to any Fee and Expense Award, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof, and subject to Lead Counsel's obligation to make appropriate refunds or repayments to the Settlement Fund, plus interest earned thereon, within ten Business Days, if and when the Settlement is terminated in accordance with its terms or, as a result of any appeal and/or further proceedings on remand, or successful collateral attack, the Fee and Expense Award is reduced.

**8.3.** The procedure for, and allowance or disallowance by the Court of, the Fee and Expense Application are not a condition of the Settlement set forth in this Stipulation and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement. Any order of or proceeding relating to the Fee and Expense Application, or any objection to, motion regarding, or appeal from any order or proceeding relating thereto or reversal or modification thereof, shall not operate to modify, terminate or cancel

this Stipulation, or affect or delay the finality of the Final Judgment or the releases contained therein or any other orders entered pursuant to this Stipulation.

**8.4.** Any Fee and Expense Award paid to Lead Counsel or Award to Plaintiff shall be paid solely from the Settlement Fund and shall reduce the settlement consideration paid to the Settlement Class accordingly. Defendants shall not have any responsibility for payment of Lead Counsel's attorneys' fees and expenses or other award to Plaintiff beyond the obligation of Defendants to fund, or to cause their insurers to fund, the Settlement Amount as set forth in ¶2.1 above. The Released Parties shall have no responsibility for, and no liability whatsoever with respect to, any payments to Lead Counsel, Plaintiff, the Settlement Class and/or any other Person who receives payment from the Settlement Fund.

**9.    Class Certification**

**9.1.** In the Final Judgment, the Parties agree that the Court should, subject to the Automatic Stay, if applicable, certify the Settlement Class for purposes of this Settlement only. For purposes of this settlement only, in connection with the Final Judgment, Defendants shall consent to (i) the appointment of Plaintiff as class representative, (ii) the appointment of Lead Counsel as class counsel, and (iii) the certification of the Settlement Class pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure. In the event that the Final Judgment does not become Final or the Settlement fails to become effective for any reason, the Settlement Class shall be decertified without prejudice, and the Parties shall revert to their pre-settlement positions.

**10.    Conditions of Settlement, Effect of Disapproval, Cancellation or Termination**

**10.1.** Plaintiff, on behalf of the Settlement Class, and Defendants shall each have the right to terminate the Settlement and Stipulation by providing written

notice of their election to do so ("Termination Notice") to all other Parties within 10 business days of:

(a)     entry of a Court order declining to enter the Preliminary Approval Order in all material respects;

(b)     entry of a Court order refusing to approve this Stipulation in all material respects;

(c)     entry of a Court order declining to enter the Final Judgment in all material respects, provided, however, that this Settlement is expressly not conditioned on the Court's approval of the proposed Plan of Allocation, nor on the Court's approval of Lead Counsel's application for attorneys' fees or expenses, nor on the Court's approval of any award to Plaintiff for its reasonable costs and expenses, and any change in the Judgment relating to these items shall not be considered a material change;

(d)     entry of a Court order refusing to dismiss the Action with prejudice; or

(e)     entry of an order by which the Final Judgment is modified or reversed in any material respect by any appeal or review.

**10.2.**  If the Settlement Amount is not paid into the Escrow Account in accordance with ¶2.1 of this Stipulation (subject to the Automatic Stay, if applicable), then Plaintiff, on behalf of the Settlement Class, shall have the right to: (a) terminate the Settlement and Stipulation by providing written notice to Defendants at any time prior to the Court's entry of the Final Judgment; or (b) enforce the terms of the Settlement and this Stipulation and seek a judgment effecting the terms herein.

**10.3.**  If, prior to the Settlement Hearing, persons who otherwise would be Settlement Class Members have filed with the Court valid and timely request for exclusion from the Settlement Class in accordance with the provision of

the Preliminary Approval Order and the Notice, and such persons in the aggregate have purchased or otherwise acquired GTT common stock in an amount that equals or exceeds the sum specified in a separate supplemental agreement between the Parties ("Supplemental Agreement"), GTT shall have the option, but not the obligation, to terminate this Stipulation in accordance with the procedures set forth in the Supplemental Agreement. The Supplemental Agreement is confidential and will not be filed with the Court unless requested by the Court or a dispute among the Parties concerning its interpretation or application arises, in which case the Parties will take reasonable steps to assure the Supplemental Agreement is filed under seal or submitted for *in camera* review, subject to the Court's approval and direction. The Parties will file a statement identifying the existence of the Supplemental Agreement pursuant to Federal Rule of Civil Procedure 23(e)(3). Copies of all requests for exclusion received, together with copies of all revocations of request for exclusion (if any), shall be delivered to Defendants' counsel within five (5) days of receipt thereof.

**10.4.**  If any Party engages in a material breach of the terms hereof, any other Party, provided that it is in substantial compliance with the terms of this Stipulation, may terminate this Stipulation on notice to all the Parties.

**10.5.**  The Effective Date of this Stipulation shall not occur unless and until each of the following events occurs, and it shall be the date upon which the last in time of the following events occurs:

**(a)**  The Court has entered the Preliminary Approval Order attached hereto as Exhibit A or an order containing materially the same terms;

**(b)**  The Court has approved the Settlement, following notice to the Settlement Class and the Settlement Hearing, and has entered the Final Judgment;

**(c)**  The Action has been dismissed with prejudice; and

1

**(d)**    The Final Judgment has become Final as defined in ¶1.18.

**10.6.**  Upon the occurrence of the Effective Date, any and all interest or right of Defendants in or to the Settlement Fund, shall be absolutely and forever extinguished, except as set forth in this Stipulation.

**10.7.**  In the event that some or all of the conditions specified in ¶10.3 above are not met, the Parties may agree in writing nevertheless to proceed with this Stipulation and Settlement.  However, none of the Parties, or any of them, shall have any obligation whatsoever to proceed under any terms other than those provided for and agreed herein.

**10.8.**  In the event the Stipulation shall terminate, or be canceled, or shall not become effective for any reason, the Parties and the Released Parties shall, subject to the Automatic Stay, if applicable, be restored to their respective positions in the Action immediately prior to August 9, 2021, and they shall proceed in all respects as if the Stipulation had not been executed and the related orders had not been entered, and in that event all of their respective claims and defenses as to any issue in the Action shall be preserved without prejudice.

**10.9.**  In the event that the Stipulation is not approved by the Court or the Settlement set forth in this Stipulation is terminated or fails to become effective in accordance with its terms, the terms and provisions of this Stipulation, except as otherwise provided herein, shall have no further force and effect with respect to the Parties or the Released Parties and shall not be used in the Action or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*.

**10.10.** In the event the Stipulation shall be terminated, or be canceled, or is incapable of becoming effective for any reason, within ten Business Days after the occurrence of such event (and subject to the Automatic Stay, if applicable), the

Settlement Fund (less taxes already paid and any Administrative Costs which have either been disbursed or are determined to be chargeable, not to exceed $250,000 without the prior approval of the Court) shall be refunded by the Escrow Agent to Defendants or their insurers, as applicable, plus accrued interest attributable to that amount, by check or wire transfer pursuant to written instructions from Defendants' counsel. At the request of Defendants, the Escrow Agent or its designee shall apply for any tax refund owed on the Settlement Fund and pay the proceeds, after deduction of any fees or expenses incurred in connection with such application(s) for refund, to Defendants or their insurers, as applicable, pursuant to written direction from Defendants.

**10.11.** No order of the Court or modification or reversal on appeal of any order of the Court or motion for reconsideration, appeal, petition for a writ of *certiorari* or its equivalent concerning the Plan of Allocation or the Fee and Expense Application shall in any way delay or preclude the Effective Date or constitute grounds for cancellation or termination of the Stipulation.

## 11.    No Admission of Liability or Wrongdoing

**11.1.** The Parties covenant and agree that neither this Stipulation, whether or not consummated, (nor the Settlement contained therein), nor any of its terms and provisions, nor any of the negotiations, documents, or proceedings connected with them, is evidence, or an admission or concession by any Party or their counsel, any Settlement Class Member, or any of the Released Parties, of any fault, liability or wrongdoing whatsoever, as to any facts or claims alleged or asserted or could have been alleged or asserted in the Action, or any other actions or proceedings, or as to the validity or merit of any of the claims or defenses alleged or asserted in any such action or proceeding. This Stipulation is not a finding or evidence of the validity or invalidity of any claims or defenses alleged or asserted or could have been alleged or asserted in the Action, any wrongdoing by any Party,

Settlement Class Member, or any of the Released Parties, or any damages or injury to any Party, Settlement Class Member, or any Released Parties. Neither this Stipulation, nor any of the terms and provisions of this Stipulation, nor any of the negotiations or proceedings in connection therewith, nor any of the documents or statements referred to herein or therein, nor the Settlement, nor the fact of the Settlement, nor the Settlement proceedings, nor any statement in connection therewith, (a) shall (i) be argued to be, used or construed as, offered or received in evidence as, or otherwise constitute an admission, concession, presumption, proof, evidence, or a finding of any, liability, fault, wrongdoing, injury or damages, or of any wrongful conduct, acts or omissions on the part of any Released Party, or of any infirmity of any defense, or of any damages to Plaintiff or any other Settlement Class Member, or (ii) otherwise be used to create or give rise to any inference or presumption against any of the Released Parties concerning any fact or any purported liability, fault, or wrongdoing of the Released Parties or any injury or damages to any person or entity, or (b) shall otherwise be admissible, referred to or used in any proceeding of any nature, for any purpose whatsoever, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; provided, however, that this Stipulation, the documents related hereto, or the Final Judgment may be introduced in any proceeding, whether in the Court or otherwise, as may be necessary to enforce the Settlement or Final Judgment, to effectuate the liability protection granted them hereunder, to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, offset or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim, or as otherwise required by law.

**11.2.** Nothing in this Stipulation constitutes or reflects a waiver or release of any rights or claims of any Defendant against his, her, or its insurers, or

insurers' subsidiaries, predecessors, successors, assigns, affiliates, or representatives. Nothing in this Stipulation constitutes or reflects a waiver or release of any rights or claims relating to indemnification, advancement, or any undertakings by an indemnified party to repay amounts advanced or paid by way of indemnification or otherwise.

## 12.   GTT Bankruptcy Filing

**12.1.**  The Parties agree and acknowledge that GTT and certain affiliated entities intend to file petitions for relief under chapter 11 of the United States Bankruptcy Code on or before October 31, 2021 (the "Chapter 11 Cases") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), and upon the commencement of the Chapter 11 Cases, this Action will be automatically stayed with respect to GTT pursuant to 11 U.S.C. § 362(a)(1) (the "Automatic Stay").

**12.2.**  The Parties agree to enter into a stipulation and proposed order, within 14 days of the filing of the Chapter 11 Cases, jointly consenting to the Bankruptcy Court lifting the Automatic Stay in order to allow the Action to continue as against GTT, including certain acts by, and obligations of, GTT called for under this Stipulation.

**12.3.**  The Parties acknowledge and agree that, during the period that the Automatic Stay is in effect, they may be unable to perform certain acts and obligations called for hereunder, and that certain timeframes and deadlines imposed hereunder may need to be suspended to allow for compliance with the Automatic Stay.  The Parties therefore agree that, notwithstanding any other term or provision of this Stipulation, no Party shall be held or deemed to be in violation or default of

this Stipulation for failure to perform any act or obligation hereunder due solely to the pendency of the Automatic Stay.

**13.    Miscellaneous Provisions**

**13.1.**  Except in the event of the provision of a Termination Notice pursuant to ¶10 of this Stipulation, the Parties shall take all actions necessary to consummate this agreement; and agree to cooperate with each other to the extent reasonably necessary to effectuate and implement all terms and conditions of the Stipulation.

**13.2.**  The Parties and their counsel represent that they will not encourage or otherwise influence (or seek to influence) in any way whatsoever any Settlement Class Members to request exclusion from, or object to, the Settlement.

**13.3.**  Each of the attorneys executing this Stipulation, any of its exhibits, or any related settlement documents on behalf of any Party hereto hereby warrants and represents that he or she has been duly empowered and authorized to do so by the Party he or she represents.

**13.4.**  Plaintiff and Lead Counsel represent and warrant that Plaintiff is a Settlement Class Member and none of Plaintiff's claims or causes of action against one or more Defendants in the Action, or referred to in this Stipulation, or that could have been alleged against one or more Defendants in the Action have been assigned, encumbered or in any manner transferred in whole or in part.

**13.5.**  This Stipulation constitutes the entire agreement between the Parties related to the Settlement and supersedes any prior agreements. No representations, warranties, promises, inducements or other statements have been made to or relied upon by any Party concerning this Stipulation, other than the representations, warranties and covenants expressly set forth herein. Plaintiff, on behalf of itself and the Settlement Class, acknowledge and agree that any and all other representations and warranties of any kind or nature, express or implied, are

specifically disclaimed and were not relied upon in connection with this Stipulation. In entering this Stipulation, the Parties relied solely upon their own knowledge and investigation. Except as otherwise provided herein, each Party shall bear his, her, or its own costs.

**13.6.**  This Stipulation may not be modified or amended, nor may any of its provisions be waived, except by a writing signed by all Parties or their counsel or their respective successors in interest.

**13.7.**  This Stipulation shall be binding upon, and shall inure to the benefit of, the Parties and their respective agents, successors, executors, heirs, and assigns.

**13.8.**  The Released Parties who do not appear on the signature lines below are acknowledged and agreed to be third party beneficiaries of this Stipulation and Settlement.

**13.9.**  The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

**13.10.** This Stipulation may be executed in any number of counterparts by any of the signatories hereto and the transmission of an original signature page electronically (including by facsimile or portable document format) shall constitute valid execution of the Stipulation as if all signatories hereto had executed the same document. Copies of this Stipulation executed in counterpart shall constitute one agreement.

**13.11.** This Stipulation, the Settlement, and any all disputes arising out of or relating in any way to this Stipulation, whether in contract, tort or otherwise, shall be governed by and construed in accordance with the laws of the State of California without regard to conflict of laws principles.

**13.12.** Any claim or dispute among the Parties arising out of, relating to, or in connection with the interpretation or implementation of the terms of the

Stipulation prior to submission to the Court shall (subject to the Automatic Stay, if applicable) be resolved by the mediator Jed Melnick of JAMS, acting as arbitrator, whose determinations shall be binding and non-appealable.

**13.13.** Subject to the Automatic Stay, if applicable, the Court shall retain jurisdiction with respect to the implementation and enforcement of the terms of this Stipulation, and all Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in this Stipulation.

**13.14.** The Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that it is the result of arm's-length negotiations between the Parties, and all Parties have contributed substantially and materially to the preparation of this Stipulation.

**13.15.** Plaintiff, Lead Counsel, and the attorneys, staff, experts, and consultants assisting them in this Action agree that (a) they will not intentionally assist or cooperate with any person or entity in the pursuit of legal action related to the Released Claims against the Released Parties, (b) they will not intentionally assist or cooperate with any person or entity seeking to publicly disparage or economically harm the Released Parties with respect to any matter relating to the subject matter this Action, and (c) they will not discuss any confidential matters related to this Action or the Settlement with anyone, and (d) they will not make any accusations of wrongful or actionable conduct by any party concerning the prosecution, defense, and resolution of the Action, and shall not otherwise suggest that the settlement embodied in this Stipulation constitutes an admission of any claim or defense alleged. The Parties reserve their right to rebut, in a manner that such party determines to be appropriate, any contention made in any public forum

regarding the Action, including that the Action was brought or defended in bad faith or without a reasonable basis.

**13.16.** All agreements by, between or among the Parties, their counsel and their other advisors as to the confidentiality of information exchanged between or among them shall remain in full force and effect, and shall survive the execution and any termination of this Stipulation and the final consummation of the Settlement, if finally consummated, without regard to any of the conditions of the Settlement.

**13.17.** The Parties shall not assert or pursue any action, claim or rights that any Party violated any provision of Rule 11 of the Federal Rules of Civil Procedure and/or the Private Securities Litigation Reform Act of 1995 in connection with the Action, the Settlement, or the Stipulation. The Parties agree that the Action was resolved in good faith following arm's-length bargaining, in full compliance with applicable requirements of good faith litigation under the Securities Exchange Act of 1934, Rule 11 of the Federal Rules of Civil Procedure, and/or the Private Securities Litigation Reform Act of 1995.

**13.18.** Any failure by any of the Parties to insist upon the strict performance by any other Party of any of the provisions of the Stipulation shall not be deemed a waiver of any of the provisions hereof, and such Party, notwithstanding such failure, shall have the right thereafter to insist upon the strict performance of any and all of the provisions of this Stipulation to be performed by the other Parties to this Stipulation.

**13.19.** The waiver, express or implied, by any Party of any breach or default by any other Party in the performance of such Party of its obligations under the Stipulation shall not be deemed or construed to be a waiver of any other breach, whether prior, subsequent, or contemporaneous, under this Stipulation.

**13.20.** The Parties reserve the right, subject to the Court's approval, to make any reasonable extensions of time that might be necessary to carry out any of the provisions of this Stipulation.

**13.21.** Whether or not this Stipulation is approved by the Court and whether or not the settlement embodied in this Stipulation is consummated, the Parties and their counsel shall use their best efforts to keep all negotiations, discussions, acts performed, agreements, drafts, documents signed and proceedings had in connection with this Stipulation confidential. Notwithstanding the foregoing, the Parties agree that this Stipulation may be filed publicly as part of any motion for preliminary or final approval of the settlement.

**IN WITNESS WHEREOF**, the Parties have executed this Stipulation by their undersigned counsel effective as of the date set forth below.

1

2    Dated: October 29, 2021          **THE ROSEN LAW FIRM, P.A.**

3

4                                      Laurence M. Rosen (SBN 219683)

5                                      355 South Grand Avenue, Suite 2450
                                       Los Angeles, CA 90071
6                                      Telephone: (213) 785-2610
                                       Facsimile: (213) 226-4684
7                                      Email: lrosen@rosenlegal.com

8

9                                      Phillip Kim  (*pro hac vice*)
                                       Joshua Baker (*pro hac vice*)
10                                     275 Madison Avenue, 40th Floor
                                       New York, NY 10016
11                                     Telephone: (212) 686-1060
                                       Facsimile: (212) 202-3827
12
                                       Email: pkim@rosenlegal.com
13                                              jbaker@rosenlegal.com

14

15                                     *Lead Counsel for Lead Plaintiff and the*
                                       *Class*
16

17

18   Dated: October 29, 2021          **CRAVATH,  SWAINE,  &  MOORE
                                       LLP**
19

20                                     J. Wesley Earnhardt (*pro hac vice*)

21                                     David H. Korn (*pro hac vice*)
                                       825 Eighth Avenue
22                                     New York, NY 10019
23                                     Telephone: (212) 474-1000
                                       Email:wearnhardt@cravath.com
24                                     Email: dkorn@cravath.com

25

26                                     **TROUTMAN PEPPER HAMILTON
                                       SANDERS LLP**
27                                     Howard M. Privette (SBN 137216)

28

---
38

STIPULATION OF SETTLEMENT; No. 2:21-cv-00270-DOC-AS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Whitney Tantisuwanna
5 Park Plaza, Suite 1400
Irvine, CA 92614-2524
Telephone: (949) 567-3500
howard.privette@troutman.com
whitney.tantisuwanna@troutman.com

*Attorneys for Defendants*

STIPULATION OF SETTLEMENT; No. 2:21-cv-00270-DOC-AS