Laurence M. Rosen (SBN 219683)
**THE ROSEN LAW FIRM, P.A.**
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*Lead Counsel for Lead Plaintiff and the Class*

[*additional counsel on signature page*]

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re GTT Communications, Inc. Securities Litigation | Master File No. 2:21-cv-00270-DOC-AS |
| | **REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF UNOPPOSED MOTIONS FOR FINAL APPROVAL OF SETTLEMENT, AWARD OF ATTORNEYS' FEES, AND RELATED RELIEF** |
| | CLASS ACTION |
| | Date: March 21, 2022<br>Time: 8:30 a.m.<br>Courtroom: 9D<br>Judge: Hon. David O. Carter |
| This Document Relates To: All Actions | |

Lead Plaintiff Arthur Capital Inc. ("Plaintiff") submits this reply memorandum in further support of its unopposed motions for (1) final approval of the Settlement and Plan of Allocation, and final certification of the Settlement Class; and (2) an award of attorneys' fees of 30% of the Settlement Amount, or $600,000, reimbursement of expenses in the amount of $40,238,30, and an award to Plaintiff of $7,500.[1] Dkt. Nos. 55 and 56 ("Motions").

## I.      STATEMENT OF FACTS

The Claims Administrator, Strategic Claims Services ("SCS"), mailed 72,655 Postcard Notices to potential Settlement Class Members. Craig Suppl. Decl. ¶2. One nominee also informed SCS that they had emailed 39,926 of their clients to notify them of the Settlement, including direct links to the Notice and Claim Form on the settlement website. *Id*. In total, 112,585 potential Settlement Class Members received notice via postcard or email. *Id.*

SCS also disseminated the Summary Notice electronically over *Globe Newswire* and in print in *Investor's Business Daily*. Dkt. No. 59-2 ¶10. On December 13, 2021, SCS established a website dedicated to the Settlement which included the online claim filing link and important documents including the Long Notice, Claim Form, Preliminary Approval Order, and Stipulation. Craig Suppl. Decl. ¶4. SCS has also maintained a toll-free telephone number for potential Settlement Class Members. *Id.* ¶3.

The February 19, 2022 claims filing deadline, the January 24, 2022 deadline for requests for exclusion, and the February 28, 2022 deadline for objections have each passed. To date, potential Settlement Class Members have submitted 12,797 claims.

---

[1] Unless otherwise defined herein, capitalized terms take the same meaning provided in the Stipulation of Settlement, filed on October 29, 2021 ("Settlement" or "Stipulation") (Dkt. No. 48). Internal citations and quotations are omitted and emphasis is added unless otherwise noted. Citations to "Craig Suppl. Decl." are to the Supplemental Declaration of Margery Craig, attached as Exhibit A hereto.

REPLY MEMORANDUM IN FURTHER SUPPORT OF MOTIONS FOR FINAL APPROVAL AND AWARD OF ATTORNEYS' FEES; 2:21-cv-00270-DOC-AS

Craig Suppl. Decl. ¶7. To date, there have been no objections to the Settlement. *Id.* ¶6. No further requests for exclusion have been received since Plaintiff filed its Motions. *Id.* ¶5.

## II.    ARGUMENT

### A.    The Reaction of the Settlement Class Supports Final Approval

The absence of any objections to the Settlement or Plan of Allocation supports their approval. *Nat'l Rural Telecommunications Cooperative v. DIRECTV, Inc.*, 221 F.R.D. 523, 529 (C.D. Cal. 2004) (finally approving settlement, finding "[t]he absence of a single objection to the Proposed Settlement provides further support for final approval of the Proposed Settlement."); *In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1043 (N.D. Cal. 2008); *In re Rambus Inc. Derivative Litig.*, No. C 06-3513 JF (HRL), 2009 WL 166689, at *3 (N.D. Cal. Jan. 20, 2009) (granting final approval of settlement, awarding attorneys' fees, and finding that the "the absence of a large number of objections to a proposed class settlement raises a strong presumption that the terms of a proposed class settlement action are favorable to the class members").

Likewise, the minimal number of valid requests for exclusion from the Settlement further demonstrates the Settlement Class's positive reaction to the Settlement and supports final approval. As noted in Plaintiff's memorandum in support of its motion for final approval of the Settlement ("Final Approval Brief," Dkt. No. 57), only 15 of the 22 requests for exclusion received by the Claims Administrator, were valid under the Court's Preliminary Approval Order. *Id.* at 20. Aside from one uniquely-situated party, addressed in Plaintiff's Final Approval Brief (Dkt. No. 57 at 20-21), the valid exclusion requests are minimal relative to the large size of the Settlement Class. The shares purchased by these potential Settlement Class Members represented less than 0.25% of the shares outstanding at the end of the Settlement Class Period. *Id.* The small number of exclusion requests supports the Settlement's approval. *See Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 577 (9th Cir. 2004) (affirming

REPLY MEMORANDUM IN FURTHER SUPPORT OF MOTIONS FOR FINAL APPROVAL AND
AWARD OF ATTORNEYS' FEES; 2:21-cv-00270-DOC-AS

settlement with 0.56% of eligible class members requesting exclusion); *Chun-Hoon v. McKee Foods Corp.*, 716 F. Supp. 2d 848, 852 (N.D. Cal. 2010) ("overwhelming positive reaction of the class members" including 16 exclusion request representing 4.86% of class supports settlements' approval.); *Destefano v. Zynga, Inc.*, No. 12-CV-04007-JSC, 2016 WL 537946, at *14 (N.D. Cal. Feb. 11, 2016) (16 valid exclusion requests representing 0.176% of public shares, supported settlement approval); *Maine State Ret. Sys. v. Countrywide Fin. Corp.*, No. 2:10-CV-00302 MRP, 2013 WL 6577020, at *16 (C.D. Cal. Dec. 5, 2013) (69 exclusion requests in response to mailing of over 50,000 notices supports settlement); *In re Sumitomo Copper Litig.*, 189 F.R.D. 274, 281 (S.D.N.Y. 1999) (reaction of class supported settlement when two large traders and small number of other class members representing under 1% of class opted-out of the settlement).

At Lead Counsel's direction, the Claims Administrator carried out a thorough notice program in accordance with the Court's Preliminary Approval Order, notifying over one hundred thousand potential Settlement Class Members of the pending Settlement. Not a single investor objected to the Settlement, and only a minimal number requested exclusion from it. "[T]he fact that the overwhelming majority of the class willingly approved the offer and stayed in the class presents at least some objective positive commentary as to its fairness." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1027 (9th Cir. 1998). The lack of objections or requests for exclusion further supports final approval.

**B.** **The Reaction of the Settlement Class Also Supports Approval of the Requests for an Award of Attorneys' Fees, Reimbursement of Expenses, and Award to Plaintiff**

A lack of objections to fee and expense requests also supports the appropriateness of the award. *See, e.g., In re Immune Response Sec. Litig.*, 497 F. Supp. 2d 1166, 1177 (S.D. Cal. 2007) ("The lack of objection from any Class Member supports the attorneys' fees award"). Here, not a single Settlement Class Member has

REPLY MEMORANDUM IN FURTHER SUPPORT OF MOTIONS FOR FINAL APPROVAL AND AWARD OF ATTORNEYS' FEES; 2:21-cv-00270-DOC-AS

objected to Lead Counsel's requests for an award of attorneys' fees, reimbursement of expenses, and award to Plaintiff. The 15 valid exclusion requests are minimal, save for one party that is uniquely situated. *See* Dkt. No. 57 at 20-21. The relatively small number of requests for exclusion further demonstrates the positive reaction of the Settlement Class, which supports the requested fee. *See Chun-Hoon*, 716 F. Supp. 2d at 852; *Sumitomo*, 189 F.R.D. at 281. Accordingly, the Settlement Class's reaction strongly supports the fairness and reasonableness of these requests.

## III.   CONCLUSION

For the foregoing reasons, and those set forth in Plaintiff's opening memoranda, the Court should grant Plaintiff's unopposed motions for final approval of the Settlement and Plan of Allocation and for an award of attorneys' fees, reimbursement of expenses, and award to Plaintiff.

Dated: March 7, 2022

**THE ROSEN LAW FIRM, P.A.**

By: */s/ Laurence M. Rosen*
Laurence M. Rosen (SBN 219683)
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

Phillip Kim (*pro hac vice*)
Joshua Baker (*pro hac vice*)
275 Madison Avenue, 40th Floor
New York, NY 10016
Telephone: (212) 686-1060
Facsimile: (212) 202-3827
Email: pkim@rosenlegal.com
Email: jbaker@rosenlegal.com

*Lead Counsel for Lead Plaintiff and the Class*

REPLY MEMORANDUM IN FURTHER SUPPORT OF MOTIONS FOR FINAL APPROVAL AND AWARD OF ATTORNEYS' FEES; 2:21-cv-00270-DOC-AS

## **CERTIFICATE OF SERVICE**

I, Laurence M. Rosen, hereby declare under penalty of perjury as follows:

I am the managing attorney of The Rosen Law Firm, P.A., with offices at 355 South Grand Avenue, Suite 2450, Los Angeles, CA 90071. I am over the age of eighteen.

On March 7, 2022, I electronically filed the foregoing REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF UNOPPOSED MOTIONS FOR FINAL APPROVAL OF SETTLEMENT, AWARD OF ATTORNEYS' FEES, AND RELATED RELIEF with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record.

Executed on March 7, 2022.

*/s/ Laurence M. Rosen*

REPLY MEMORANDUM IN FURTHER SUPPORT OF MOTIONS FOR FINAL APPROVAL AND AWARD OF ATTORNEYS' FEES; 2:21-cv-00270-DOC-AS